November 7, 2024

**VIA ECF**

Christopher M. Wolpert
Clerk of the Court
United States Court of Appeals for the Tenth Circuit
Byron White U.S. Courthouse
1823 Stout Street
Denver, CO 80257-1823

Re:   *Springer v. Lujan Grisham*, Nos. 23-2192, 23-2194
      Argument scheduled for January 21, 2025

Dear Mr. Wolpert:

  Pursuant to F.R.A.P. 28(j), Defendants-Appellants/Cross-Appellees write to notify the Court of the decisions in *We the Patriots v. Lujan Grisham*, --- F.4th ----, 2024 WL 4586921 (10th Cir. Oct. 28, 2024), and *Antonyuk v. James*, --- F.4th ----, 2023 WL 11963034 (2d Cir. Oct. 24, 2024) ("*Antonyuk II*").

  In *We the Patriots*, this Court concluded that it lacked jurisdiction over an appeal challenging the same firearms restrictions at issue in this case. Jurisdictional issues bar Springer's claims as well. *See* Defendants-Appellants' Opening Br. 44-45 n.33; Defendants-Appellants' Response and Reply Br. 30-34; Rule 28(j) Letter dated Oct. 16, 2024. Defendants-Appellants are available to submit supplemental briefing on the impact of *We the Patriots* if it would assist the Court.

  In *Antonyuk II*, the Second Circuit issued its decision following the Supreme Court's order granting certiorari, vacating the decision in *Antonyuk v. Chiumento*, 89 F.4th 271 (2d Cir. 2023) ("*Antonyuk I*"), and remanding for reconsideration in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024). As relevant here, the reasoning and result of *Antonyuk II* mirror those in *Antonyuk I*: prohibitions on firearms in parks are consistent with a "well-established and representative tradition of firearm regulation." 2023 WL 11963034, at *60.

  In particular, *Antonyuk II* reaffirmed—largely verbatim—each of *Antonyuk I*'s propositions on which Defendants relied. *See id.* at *14-19 (discussing methodology), *54-61 (upholding parks restriction). *Antonyuk II* thus confirms that *Rahimi* supports Defendants' position. Furthermore, the Second Circuit reiterated that history

surrounding 1868 is relevant to the Second Amendment analysis and added that evidence from that period remains relevant even if it may differ from founding-era evidence. *See id.* at *17-19 (disagreeing with the vacated decision in *Lara v. Commissioner Pennsylvania State Police*, 91 F.4th 122 (3d Cir. 2024), *vacated sub nom. Paris v. Lara*, No. 24-93, 2024 WL 4486348 (U.S. Oct. 15, 2024), and explaining that "1791 and 1868 are both fertile ground, and the adjacent and intervening periods are likewise places in the historical record to seek evidence of our national tradition of firearms regulation").

           Sincerely,

           /s/ Janet Carter
           Janet Carter
           *Counsel for Defendants-Appellants*
           *Governor Michelle Lujan Grisham et al.*

Cc:    All Counsel of Record