Nos. 23-2192, 23-2194

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

**JAMES SPRINGER**
Plaintiff-Appellee/Cross Appellant,

v.

**MICHELLE LUJAN GRISHAM AND PATRICK ALLEN**
Defendants-Appellants/Cross-Appellees.

**Appeal from the United States District Court
For the District of New Mexico
No. 1:23-cv-00781-KWR-LF**

## APPELLEE/CROSS APPELLANT'S SUPPLEMENTAL BRIEF

A. Blair Dunn, Esq.
WESTERN AGRICULTURE,
RESOURCE AND BUSINESS
ADVOCATES, LLP
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com

Zach Cook, Esq.
ZACH COOK, LLC
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

*Attorneys for Plaintiff-Cross Appellant*

December 16, 2024

**TABLE OF CONTENTS**

ARGUMENT ..................................................................................................... 1

    A.    This Court's Ruling in *We the Patriots, Inc. v. Grisham* Misapprehends the Reality of the City of Albuquerque's Administrative Orders and Bernalillo County's Ordinance……….…………….……………………….………..……1

CONCLUSION ................................................................................................. 3

CERTIFICATES ............................................................................................... 4

# TABLE OF AUTHORITIES

**Cases**

*We the Patriots, Inc. v. Grisham*
119 F.4th 1253 (10th Cir. 2024). ........................................................................ 1-3

# ARGUMENT

B. **This Court's Ruling in *We the Patriots, Inc. v. Grisham* Misapprehends the Reality of the City of Albuquerque's Administrative Orders and Bernalillo County's Ordinance.**

While Mr. Springer acknowledges that the *We the Patriots, Inc.* Court's holding, regarding the effect of treating the Mayor of Albuquerque's Administrative Orders and the Bernalillo County Ordinance as presumptively constitutional, at least facially implicates his standing in this case, it does not take into account the actual realities of enforcement as they were known to Mr. Springer or that the District Court specifically considered the Administrative Orders in this case and issue the injunction at issue even after considering those Orders.

Importantly, Bernalillo Cnty. Ord., § 58-12(b)(27), enacted in 2010 was not being enforced, as evidenced by the Bernalillo County Sheriff's pronouncement to the media on October 12, 2023 that:

> But, when asked last week whether a ban at playgrounds would be enforceable or effective at stemming gun violence, Bernalillo County Sheriff John Allen said "no and no."
> "It wouldn't make a difference because, again, you're just going after law-abiding citizens with firearms," he said. "And it does nothing to drive down gun crime or any other crime — whether it's at a playground or somewhere else. It's not common sense to me at all."
> And Thursday, after the judge's ruling, the Sheriff's Office told KUNM in an email that the department will not enforce the ban in playgrounds or parks.

*See* https://www.kunm.org/local-news/2023-10-12/sheriffs-department-wont-enforce-gun-ban-at-bernalillo-county-parks-and-playgrounds. Likewise,

Albuquerque Police Chief stated on October 12, 2024 that:

> *"APD will investigate all criminal offenses involving a firearm. When officers encounter individuals who violate the state's emergency order and possession is the only violation, they will forward those cases to the New Mexico State Police."*

*See* https://www.kob.com/new-mexico/gun-rights-advocacy-group-reacts-to-temporary-ban-of-guns-in-parks-playgrounds/ (emphasis in original). Clearly, indicating that neither the Administrative Orders of Albuquerque's Mayor nor the Governor's Public Health Order would be enforced by the City of Albuquerque. Thus, Mr. Springer's Declaration offered in support of the Renewed Motion for Preliminary Injunction (Aplt App 055), made October 26, 2024, expressly contemplates that the only danger of prosecution for his exercise of carrying a firearm at parks and playgrounds (he indicated he would carry at Civic Plaza which has a City of Albuquerque Playground in it and is covered by the City of Albuquerque's Administrative Order 5-20 (ECF Doc. 16-2, pg. 2 (omitted from Appendix))) is from the Governor's Public Health Order at issue.

Moreover, the Mayor of Albuquerque's Administrative Orders are not a legislative enactment by the City of Albuquerque and their constitutionality under both the New Mexico and United States Constitution is being challenge in state district court in *New Mexico Patriots Advocacy Coalition, et al., v Keller, et al., D-202-CV-2020-01048* (undersigned counsel A. Blair Dunn, Esq. is counsel in that matter). In fact, in the state district court proceeding in *D-202-CV-2020-01048* the

state district court acknowledged that guidance from this Court was likely forthcoming and stayed that matter on December 29, 2023. The District Court, here, specifically addressed the issue of the impact of the Albuquerque Administrative Orders and did not find that they impacted the Court's analysis of likelihood of success on the merits or standing. (Aplt App 091-092)

Thus, while *We the Patriots, Inc. v. Grisham*, 119 F.4th 1253 (2024) is correct that the local regulation of firearms in public parks and playgrounds are presumptively constitutional without more development in the record, the analysis from that Court is too shallow with regard to the impacts to standing when there was clear statements from law enforcement that Mr. Springer faced no threat of enforcement of those local regulations at the time he made his declaration that the only thing prohibiting his exercise of liberty was the Governor's in-effect Public Health Order. In this regard, *We the Patriots, Inc.* has little to no real impact to this important case, that this Court needs to decide the constitutionality of the abridgment of protected liberty by the Governor's public health orders for the citizens' sake.

## CONCLUSION

Even in light of *We the Patriots, Inc.*, this Court should affirm the injunction as to the Parks Restriction and reverse in part to remand for consideration of the Playgrounds Restriction.

Respectfully submitted this December 16, 2024.

    Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE
AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com


Zach Cook, LLC

*/s/ Zach Cook*
Zach Cook
1202 Sudderth # 425
Ruidoso, NM 88345
(575) 937-7644
zach@zachcook.com

# CERTIFICATE OF COMPLIANCE

Undersigned counsel certifies that the foregoing complies with the Court's December 4, 2024 Order because it is less than 10 pages in length. This supplemental brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because the brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2010 in 14-point Times New Roman.

# CERTIFICATE OF DIGITAL SUBMISSION

Pursuant to the 10th Circuit ECF User's Manual, Section II.J, I hereby certify with respect to the foregoing document, that:

1) All required privacy redactions have been made per 10th Cir. R. 25.5; and

2) The digital submission has been scanned for viruses with the most recent version of Microsoft Windows Defendant Antivirus Version: 1.263.1943.0 Updated March 15, 2008 and according to this program is free of viruses.

# CERTIFICATE OF SERVICE

I, A. Blair Dunn, hereby certify that on December 16, 2024, I served a copy of the on the parties of record by electronic means:

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq.
400 Gold Ave. SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060 abdunn@ablairdunn-esq.com