UNITED STATES COURT OF APPEALS
FOR THE TENTH CIRCUIT

**DOCKETING STATEMENT**

| Appeal Number | 23-2192 |
|---|---|
| Case Name | Springer v. Lujan Grisham, et al. |
| Party or Parties Filing Notice of Appeal Or Petition | Michelle Lujan Grisham, Patrick Allen, and the New Mexico Department of Health |
| Appellee(s) or Respondent(s) | James Springer |
| List all prior or related appeals in this court with appropriate citation(s). | Case Nos. 23-2166, 23-2167, and 23-2185 |

**I.    JURISDICTION OVER APPEAL OR PETITION FOR REVIEW**

    **A.    APPEAL FROM DISTRICT COURT**

        **1.**   Date final judgment or order to be reviewed was **entered** on the district court docket: 12/5/23

        **2.**   Date notice of appeal was **filed**: 12/8/23

        **3.**   State the time limit for filing the notice of appeal (cite the specific provision of Fed. R. App. P. 4 or other statutory authority): FRAP 4(a)(1)(A)

            **a.**   Was the United States or an officer or an agency of the United States a party below? no

            **b.**   Was a motion filed for an extension of time to file the notice of appeal? If so, give the filing date of the motion, the date of any order disposing of the motion, and the deadline for filing the notice of appeal: no

4. Tolling Motions. *See* Fed. R. App. P. 4(a)(4)(A); 4(b)(3)(A).

   a. Give the filing date of any motion that tolls the time to appeal pursuant to Fed. R. App. P. 4(a)(4)(A) or 4(b)(3)(A):

   n/a

   b. Has an order been entered by the district court disposing of any such motion, and, if so, when?

   n/a

5. Is the order or judgment final (i.e. does it dispose of **all** claims by and against **all** parties)? *See* 28 U.S.C. § 1291.  no

   **(If your answer to Question 5 is no, please answer the following questions in this section.)**

   a. If not, did the district court direct entry of judgment in accordance with Fed. R. Civ. P. 54(b)? When was this done?

   no

   b. If the judgment or order is not a final disposition, is it appealable under 28 U.S.C. ' 1292(a)? yes

   c. If none of the above applies, what is the **specific** legal authority for determining that the judgment or order is appealable? n/a

6. Cross Appeals.

   a. If this is a cross appeal, what relief do you seek beyond preserving the judgment below? *See United Fire & Cas. Co. v. Boulder Plaza Residential, LLC*, 633 F.3d 951, 958 (10th Cir. 2011) (addressing jurisdictional validity of conditional cross appeals).

   n/a

   b. If you do not seek relief beyond an alternative basis for affirmance, what is the jurisdictional basis for your appeal? *See Breakthrough Mgt. Group, Inc. v. Chukchansi Gold Casino and Resort*, 629 F.3d 1173, 1196-98 and n.18 (10th Cir. 2010) (discussing protective or conditional cross appeals). n/a

- **B.** **REVIEW OF AGENCY ORDER** (To be completed only in connection with petitions for review or applications for enforcement filed directly with the court of appeals.)

    1. Date of the order to be reviewed: n/a

    2. Date petition for review was filed: n/a

    3. Specify the statute or other authority granting the Tenth Circuit Court of Appeals jurisdiction to review the order: n/a

    4. Specify the time limit for filing the petition (cite specific statutory section or other authority): n/a

- **C.** **APPEAL OF TAX COURT DECISION**

    1. Date of entry of decision appealed: n/a

    2. Date notice of appeal was filed: n/a
       (If notice was filed by mail, attach proof of postmark.)

    3. State the time limit for filing notice of appeal (cite specific statutory section or other authority): n/a

    4. Was a timely motion to vacate or revise a decision made under the Tax Court's Rules of Practice, and if so, when? *See* Fed. R. App. P. 13(a) n/a

II. **ADDITIONAL INFORMATION IN CRIMINAL APPEALS**.

    A. Does this appeal involve review under 18 U.S.C. ' 3742(a) or (b) of the sentence imposed? <u>n/a</u>

    B. If the answer to A (immediately above) is yes, does the defendant also challenge the judgment of conviction? <u>n/a</u>

    C. Describe the sentence imposed. <u>n/a</u>

    D. Was the sentence imposed after a plea of guilty? <u>n/a</u>

    E. If the answer to D (immediately above) is yes, did the plea agreement include a waiver of appeal and/or collateral challenges? <u>n/a</u>

    F. Is the defendant on probation or at liberty pending appeal? <u>n/a</u>

    G. If the defendant is incarcerated, what is the anticipated release date if the judgment of conviction is fully executed? <u>n/a</u>

**NOTE**: In the event expedited review is requested and a motion to that effect is filed, the defendant shall consider whether a transcript of any portion of the trial court proceedings is necessary for the appeal. Necessary transcripts must be ordered by completing and delivering the transcript order form to the Clerk of the district court with a copy filed in the court of appeals.

III. **GIVE A BRIEF DESCRIPTION OF THE NATURE OF THE UNDERLYING CASE AND RESULT BELOW**.

Governor Michelle Lujan Grisham declared a public health emergency, and Secretary Allen issued a public health order temporarily prohibiting firearms in parks and playgrounds in Albuquerque and Bernalillo County. Several groups of plaintiffs challenged the order as violating the Second Amendment, among other things. All cases, except this one, were consolidated in front of the Honorable David Urias. Judge Urias declined to preliminarily enjoin the public health order, which has formed the basis of appeal Nos. 23-2166, 23-2167, and 23-2185. However, the district court in this case, Judge Kea Riggs, entered a preliminary injunction barring Defendants from enforcing the prohibition on firearms in parks but not playgrounds.

IV. **IDENTIFY TO THE BEST OF YOUR ABILITY AT THIS STAGE OF THE PROCEEDINGS, THE ISSUES TO BE RAISED IN THIS APPEAL. You must attempt to identify the issues even if you were not counsel below.** *See* **10th Cir. R. 3.4(B).**

Whether the district court erred in granting Plaintiff's motion for a preliminary injunction barring Defendants from enforcing the public health order's prohibition on firearms in parks.

**V.   ATTORNEY FILING DOCKETING STATEMENT:**

Name: Cody Rogers                                          Telephone: 713-452-4400

Firm: Serpe Andrews

Email Address: crogers@serpeandrews.com

Address: 2540 El Paseo Road, Suite D

Las Cruces, NM 88001


*/s/ Cody Rogers*                                           12/13/23

Signature                                                          Date

**NOTE:** The Docketing Statement must be filed with the Clerk via the court's Electronic Case Filing System (ECF). Instructions and information regarding ECF can be found on the court's website, www.ca10.uscourts.gov.

The Docketing Statement must be accompanied by proof of service. The following Certificate of Service may be used.

## CERTIFICATE OF SERVICE

I, Cody Rogers_____, hereby certify that on
    [attorney for appellant/petitioner]

12/13/23_____, I served a copy of the foregoing **Docketing Statement**, to:
    [date]

A. Blair Dunn_____, at abdunn@ablairdunn-esq.com_____
    [counsel for/or appellee/respondent]

and Zach Cook at zach@zachcook.com_____

_____, the last known address/email address, by

email_____.
    [state method of service]


                                        */s/ Cody Rogers*_____
                                        Signature

                                        12/13/23_____
                                        Date

                                        Cody Rogers
                                        2540 El Paseo Road, Suite D
                                        Las Cruces, NM 88001
                                        Full name and address of attorney